UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| EVA CARDOZA,<br><br>                   *Petitioner-Plaintiff*,<br>     v.<br><br>**TIMETHEA PULLEN**, Warden of Federal Correctional Institution Danbury, in her official capacity,<br><br>**PATRICK MCFARLAND**, Residential Reentry Manager, in his official capacity, and<br><br>**MICHAEL CARVAJAL**, Director, Federal Bureau of Prisons, in his official capacity,<br><br>                   *Respondents-Defendants.* | No. 22-CV-591 (SVN)<br><br>May 19, 2022 |

## PETITIONER-PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Petitioner-Plaintiff respectfully request that this Court order Respondents-Defendants to provide limited discovery on an expedited basis so that Petitioner-Plaintiff can more fully aid in the Court's consideration of her Petition-Complaint and request for enlargement. In particular, Petitioner-Plaintiff requests that Respondents-Defendants provide within 5 days: (1) Petitioner-Plaintiff's Bureau of Prisons (BOP) medical records for the past three years, which BOP maintains in electronic form and (2) BOP memoranda or other documents, relating to policies, procedures, and protocols for home confinement revocation. Petitioner-Plaintiff has asked Respondents-Defendants to supply these materials and they have declined to do so. This basic discovery is central to Ms. Cardoza's claims, easy for Respondents-Defendants to provide, and properly within this Court's authority to order.

1

Petitioners in habeas corpus proceedings "are entitled to careful consideration and plenary processing of their claims including full opportunity for presentation of the relevant facts." *Harris v. Nelson*, 394 U.S. 286, 298 (1969). The All Writs Act, 28 U.S.C. § 1651, thus gives "federal courts the power to fashion appropriate modes of procedure, including discovery, to dispose of habeas petitions as law and justice require." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citations and internal quotation marks omitted). In 1976, the Supreme Court promulgated and Congress adopted, the Rules Governing § 2254 Cases. *See id.* Rule 6(a) of those rules grants courts the discretion, "for good cause shown," to allow habeas petitioners "conduct discovery under the Federal Rules of Civil Procedure." "The simple outline of § 2241 makes clear both that Congress envisioned that habeas petitioners would have some opportunity to present and rebut facts and that courts in cases like this retain some ability to vary the ways in which they do so as mandated by due process." *Hamdi v. Rumsfeld*, 542 U.S. 507, 526 (2004) (finding that courts may accept the government's affidavit evidence only where it allows petitioner to develop factual record).

"[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris*, 394 U.S. at 300.

Ms. Cardoza's medical records are relevant to her Rehabilitation Act claim, which asserts that the BOP re-imprisoned her without reasonable accommodation of her disabilities.[1] Through undersigned counsel, Ms. Cardoza requested her medical records directly from BOP in early

---

[1] In addition, it is possible that the records may assist the Court in adjudicating her enlargement request.

2

April 2022 and they have still not been provided. Ms. Cardoza renewed her request with Respondent's counsel on May 12, 2022, who declined to provide the records.

BOP memoranda or other documents relating to policies, procedures, and protocols for home confinement revocation are relevant to the Court's consideration of whether BOP's practices violate Ms. Cardoza's due process, Rehabilitation Act, and regulatory rights. If there are no policies, Ms. Cardoza merely requests that Respondents confirm so. Through undersigned counsel, on May 16, 2022, Ms. Cardoza sought such confirmation. Respondents' counsel has not as of this filing responded.

A reasonableness or "good cause" standard applies to requests for expedited discovery. *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015); *see also Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (noting that a good cause standard is consistent with the Federal Rules). There is good cause for this limited expedited discovery given the irreparable harm that is resulting from Ms. Cardoza's continued incarceration.

Respectfully submitted,

EVA CARDOZA

Dated: May 19, 2022           By:     */s/ Sarah F. Russell*
Sarah F. Russell, ct26604
Legal Clinic, Quinnipiac University School of Law
275 Mt. Carmel Avenue
Hamden, CT 06518
Telephone: (203) 582-5258
Email: sarah.russell@quinnipiac.edu

Marisol Orihuela, ct30543
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Telephone: (203) 432-4800
Email: marisol.orihuela@ylsclinics.org