UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVA CARDOZA, | : | Case No. 22-cv-591(SVN) |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| TIMETHEA PULLEN et al., | : | |
|    Respondents. | : | May 27, 2022 |

OBJECTION TO MOTION TO DISCOVERY

Pursuant to the court's May 19, 2022 order, the respondents respectfully object to the petitioner's May 19, 2022 motion for expedited discovery (docket no. 13). The petitioner is not entitled to discovery as of right in this habeas corpus proceeding, and she has not and cannot demonstrate the required good cause to warrant discovery, expedited or otherwise, in this court's discretion. Accordingly, the respondents urge the court to deny the petitioner's motion.

By way of background, the petitioner filed her habeas petition on April 25, 2022. In accordance with the court's order to show cause, the respondents filed a motion to dismiss, arguing that the petition fails to state a claim upon which relief may be granted, on May 17, 2022. On May 19, 2022, the petitioner filed the instant motion for discovery, to which this filing objects. On the same day, the court ordered that the petitioner's opposition to the respondents' motion to dismiss be filed by June 7, 2022. The next day, May 20, 2022, the petitioner filed her opposition to the respondents' motion to dismiss, and the respondents' reply to that filing is due on June 6, 2022.

The parties appear to agree on the applicable law. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Id. (quoting Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts); see also Edwards v. Superintendent, Southport C.F., 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013) ("A petitioner bears a heavy burden in establishing a right to discovery.").

The petitioner seeks leave to conduct discovery in two areas: first, she requests her BOP medical records for the past three years; second, she requests copies of BOP policies and the like concerning home confinement revocation. The petitioner argues that there is good cause to allow her to conduct that discovery in this proceeding because the material she has requested is relevant to the claims in her petition. (Mot., 2, 3.)

The petitioner's argument fails to appreciate the posture of this proceeding, which she commenced via an eighty-four-paragraph habeas petition. In those eighty-four paragraphs, the petitioner was entitled to – and did – make whatever allegations she thought appropriate to try to establish that her incarceration at FCI Danbury is unlawful. In response, the respondents filed a motion to dismiss on 12(b)(6) grounds, which motion of course accepts as true the factual allegations set forth in the petition. The respondents' motion does not contest the petitioner's version of the facts or put her to her proof with

respect to, for example, the petitioner's claimed medical conditions; instead, the respondents contend that even if all of the petitioner's claimed facts are true, she is not entitled to the relief that she seeks as a matter of law. Because proof of the petitioner's allegations simply does not matter for resolution of the respondents' motion to dismiss, the relevance of the requested documents to the petitioner's claims is immaterial, and there is not good cause to allow discovery.[1] See Davis v. Mitchell, No. CIV.A. 3:09CV37, 2010 WL 1169956, at *6 (E.D. Va. Mar. 24, 2010) ("In a habeas action, discovery is inappropriate unless the allegations in the petition state a claim for relief."); cf. Farabee v. Clarke, 967 F.3d 380, 388–89 (4th Cir. 2020) ("Where, as here, a district court dismisses a petition without an evidentiary hearing or discovery . . . we evaluate its underlying allegations pursuant to the principles of Federal Rule of Civil Procedure 12(b)(6)" (footnote omitted; internal quotation marks omitted)).

The court in this case is charged with assessing the legal sufficiency of the petitioner's habeas petition, which the respondents have argued does not adequately state

---

[1] It is not actually clear that the petitioner's request for BOP policies regarding home confinement revocation even satisfies her own more lenient "relevance" standard for discovery in this habeas proceeding. In other contexts, the Second Circuit has emphasized that "regardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution . . . ." Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004) (emphasis in original); see also Agosto v. Hufford, No. 13-CV-04082 VEC SN, 2014 WL 2217908, at *3 (S.D.N.Y. May 8, 2014) ("Thus, to the extent internal prison regulations grant protections beyond the constitutional minimum, noncompliance with those regulations do not typically offend due process."), report and recommendation adopted, No. 13-CV-4082 VEC SN, 2014 WL 2217925 (S.D.N.Y. May 29, 2014).
Because for the reasons set forth in the respondents' prior filings the petitioner is not entitled to due process protections for her redesignation to secure custody following a failed drug test while on prerelease home confinement, BOP documents concerning policies and procedures regarding redesignation are not relevant to the court's inquiry.

3

a claim upon which habeas relief may be granted. The petitioner's requested discovery does not have any bearing on that inquiry, and the petitioner's motion for expedited discovery should be denied.

        Respectfully submitted,

        Vanessa Roberts Avery
        United States Attorney

          /s/
        John W. Larson (ct28797)
        Assistant United States Attorney
        District of Connecticut
        450 Main Street, Room 328
        Hartford, CT 06103
        T:  (860) 947-1101
        F:  (860) 760-7979
        john.larson@usdoj.gov