UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVA CARDOZA, | : | Case No. 22-cv-591(SVN) |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| TIMETHEA PULLEN et al., | : | |
|     Respondents. | : | July 15, 2022 |

NOTICE RE: PETITIONER'S NOTICE OF ADDITIONAL AUTHORITY

Pursuant to the court's July 12, 2022 order (docket entry no. 26), the respondents notify the court that they do not object to the court's consideration of the supplemental materials filed by the petitioner (docket entry no. 22).

That said, the petitioner's additional authority does not weaken the respondents' argument because the petitioner still has not offered the type of authority that the Supreme Court and the Second Circuit have found to be compelling evidence of an enforceable "promise" to an inmate that the inmate would not be transferred to specific custody without a post-hearing finding of misconduct. See Meachum v. Fano, 427 U.S. 215, 226-27 (1976) ("Massachusetts law conferred no right on the prisoner to remain in the prison to which he was initially assigned, defeasible only upon proof of specific acts of misconduct. . . . [T]ransfers between Massachusetts prisons are not conditioned upon the occurrence of specified events" (emphases added)); Holcomb v. Lykens, 337 F.3d 217, 223 (2d Cir. 2003) ("If extended furlough must be renewed every fifteen days absent a finding of improper behavior, there is a good argument to be made that the furloughee has a reasonable expectation that he or she will maintain his or her status so long as he or

she behaves properly. If, on the other hand, DOC <u>may decline</u> to renew extended furlough <u>entirely at its discretion</u>, the argument that the furloughee has such an expectation is severely, perhaps fatally, weakened" (emphases added)).

Simply put, nothing in the petitioner's additional authority changes the fact that just as the inmates in <u>Meachum</u>, "no legal interest or right of [Ms. Cardoza's under federal law] would have been violated by [her] transfer whether or not [her] misconduct had been proved in accordance with procedures that might be required by the Due Process Clause in other circumstances." 427 U.S. at 228.  And as a result, just like the inmates in <u>Meachum</u>, "[w]hatever expectation [Ms. Cardoza] may have in remaining [on home confinement] so long as [s]he behaves [herself], it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to [remand her] for whatever reason or for no reason at all." <u>Id.</u>[1]

The respondents respectfully urge the court to dismiss the petition.

---

[1] It is the recollection of the undersigned that at oral argument, counsel for the petitioner contended that the Supreme Court in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) had departed from the analysis in <u>Meachum</u> relied on by the respondents here.  To the contrary, the <u>Sandin</u> opinion was an express endorsement of the Court's previous decision in <u>Meachum</u>, not a retreat from it.  <u>See</u> <u>Sandin</u>, 515 U.S. at 483 ("The time has come to return to the due process principles we believe were correctly established and applied in <u>Wolff</u> and <u>Meachum</u>.").

Respectfully submitted,

Vanessa Roberts Avery
United States Attorney

  /s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov