UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EVA CARDOZA**,<br><br>　　　　　　　*Petitioner-Plaintiff*,<br>　　v.<br><br>**TIMETHEA PULLEN**, Warden of Federal Correctional Institution Danbury, in her official capacity,<br><br>**PATRICK MCFARLAND**, Residential Reentry Manager, in his official capacity, and<br><br>**COLETTE S. PETERS**, Director, Federal Bureau of Prisons, in her official capacity,<br><br>　　　　　　　*Respondents-Defendants.* | Civil Action No. 22-591<br><br>August 16, 2022 |

**MOTION FOR ORDER TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 2243**

　　1.　　Pursuant to 28 U.S.C. § 2243 ("Section 2243"), Petitioner-Plaintiff Eva Cardoza respectfully requests that the Court order Respondents-Defendants to show cause why this Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 33), filed herewith, should not be granted.

　　2.　　In the Amended Petition for Writ of Habeas Corpus, Ms. Cardoza asks this Court to remedy her unlawful detention and seeks an order of enlargement pending a decision on the underlying petition. While on home confinement, Ms. Cardoza was caring for her ill fiancé and the couple's children, as well as her ailing mother. Despite her close family and community connections, the Federal Bureau of Prisons ("BOP"), through Respondents-Defendants, imprisoned Ms. Cardoza based on a single alleged positive urine test for marijuana. BOP took this drastic action without even as much as a hearing before BOP decisionmakers.

1

3. Section 2243 provides, in part:

> A court, justice, or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto.

4. Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed," and that the court shall hold a hearing "not more than five days after the return unless for good cause additional time is allowed." 28 U.S.C. § 2243; *see also id.* (court "shall summarily hear and determine the facts" and dispose of the petition).

5. The Court in *Tompkins v. Pullen* concluded that § 2243's requirement that a response to a habeas petition be filed within 20 days "has been impliedly repealed through the passage of the Rules Governing Section 2254 Cases, which are applicable to section 2241 petitions" and "which only require a response 'within a fixed time.'" *Tompkins v. Pullen*, Order of March 23, 2022 at 4, ECF 13, 22-cv-00339-OAW (D. Conn) (quoting SECT 2254 Rule 4). The Court in *Tompkins* relied on 28 U.S.C. § 2072, which provides that "[a]ll laws in conflict with [rules prescribed by the Supreme Court] shall be of no further force or effect after such rules have taken effect" and cited *Capozzi v. Fed. Bureau of Prisons*, No. CV 21-19533 (CPO), 2021 WL 5881587, at *1–2 (D.N.J. Dec. 13, 2021), which concluded that Rule 4 of the Rules Governing Section 2254 Cases overrides the time limitations of § 2243.

6. In *In re Habeas Corpus Cases*, Judge Weinstein stressed: "The clear import of [§ 2243] is that habeas corpus matters are to be accorded a high priority; they must be resolved promptly by the court. The statutory requirements accord with the historical roots of the Great Writ. It was meant to provide a 'swift and imperative remedy in all cases of illegal restraint or

confinement.'" *In re Habeas Corpus Cases*, 216 F.R.D. 52, 53 (E.D.N.Y. 2003) (citations omitted). Noting that some courts had concluded that Rule 4 superseded § 2243, the Court stated:

> From the words of the rule and the statute, however, it is not apparent that they are in conflict. Rule 4 requires a respondent to file an answer "within the period of time fixed by the court"; section 2243 allows a court discretion to set a response date, but only up to twenty days from issuance of the court's order to show cause. These provisions can be read and implemented in concert so that the maximum time allowable for the return is twenty days.
>
> Repeals by implication are not favored. An implied repeal "will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter act covers the whole subject of the earlier one and 'is clearly intended as a substitute.' Rule 4 and section 2243 are not in irreconcilable conflict. The short-response provisions of section 2243 should, under normal interpretive assumptions, therefore be adhered to.

*Habeas Corpus Cases*, 216 F.R.D. at 54 (citations omitted). The Court observed, however, "[g]iven the large numbers of habeas petitions from state prisoners filed in the district courts, the strained dockets faced by most federal trial judges and the chronic understaffing of the bench, it has been impossible for many courts to schedule hearings for each nonfrivolous petition within the time limits of section 2243." *Id.* The Court concluded:

> The arguably unclear law concerning section 2243 does not obscure Congress's acknowledgment—in accord with the history of the Great Writ—that review of claims of illegal state detention must be swift. Even Rule 4, which arguably grants judges discretion to delay the proceedings, emphasizes that petitions shall be brought to the attention of the district court judge "promptly"—and repeats that the petition must be examined by the judge to whom it is assigned "promptly."

7.      Accordingly, even if Rule 4 is read to supersede § 2243's time limitations, Ms. Cardoza's habeas petition should be promptly resolved. Respondents already have in their possession the relevant factual information about this matter and the legal issues in this case have already been extensively briefed and argued.

8.      As is set forth more fully in Ms. Cardoza's Second Memorandum in Support of Request for Immediate Order of Enlargement, Ms. Cardoza and her family are suffering greatly.

9. Given the irreparable harm that Ms. Cardoza's imprisonment is causing her and her family, Ms. Cardoza respectfully requests that this Court immediately issue an Order to Show Cause requiring Respondents-Defendants to file a return to the Petition within three days. Such a short response time to the petition is not required if the Court instead grants Ms. Cardoza's enlargement request forthwith.

                                                           Respectfully submitted,

                                                           EVA CARDOZA

Dated: August 16, 2022         By:    */s/ Sarah F. Russell*
                                                          Sarah F. Russell, ct26604
                                                          Legal Clinic, Quinnipiac University School of Law
                                                          275 Mt. Carmel Avenue
                                                          Hamden, CT 06518
                                                          Telephone: (203) 582-5258
                                                          Email: sarah.russell@quinnipiac.edu