UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **EVA CARDOZA**,<br><br>      *Petitioner-Plaintiff*,<br> v.<br><br>**TIMETHEA PULLEN**, Warden of Federal Correctional Institution Danbury, in her official capacity,<br><br>**PATRICK MCFARLAND**, Residential Reentry Manager, in his official capacity, and<br><br>**COLETTE S. PETERS**, Director, Federal Bureau of Prisons, in her official capacity,<br><br>      *Respondents-Defendants.* | Civil Action No. 22-591<br><br>August 16, 2022 |

**PETITIONER-PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

In the attached Motion, Petitioner-Plaintiff Eva Cardoza has respectfully moved the Court, pursuant to Federal Rule of Civil Procedure 65, to enter a Temporary Restraining Order and Preliminary Injunction ordering Respondents-Defendants to release Ms. Cardoza home pending the resolution of this action to Walden, New York so that she can care for her family members who desperately need her. Should this Court instead grant Ms. Cardoza's request for immediate enlargement (Dkt. 33-1), the attached Motion will be moot.

**I. Legal Standard**

The standards for granting a temporary restraining order ("TRO") are the same standards that govern preliminary injunctions. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Maxum Petroleum, Inc. v. Hiatt*, No. 3:16-CV-01615 (VLB), 2016 WL 5496283, at *1 (D. Conn. 2016); *Andino v. Fischer*,

555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). For a preliminary injuction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Second Circuit has long held that the *Winter* factors are properly balanced with a showing of "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

II.     **Ms. Cardoza is Entitled to Temporary Relief**

Ms. Cardoza meets the standard for issuance of a temporary restraining order and preliminary injunction.

"A showing of irreparable harm is the single most important prerequisite" for the issuance of a temporary restraining order. *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks and citations omitted). To satisfy the irreparable harm requirement, Ms. Cardoza must establish that, absent a temporary restraining order she "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 447 (D. Conn. 2020) (internal quotation marks omitted). Ms. Cardoza has demonstrated the irreparable harm to her and her family's wellbeing caused by her continued incarceration. This harm is described in detail in her Second Request for Immediate Enlargement (Dkt. 33-1).

Second, Ms, Cardoza has demonstrated a likelihood of success on the merits. The legal and factual support for Ms. Cardoza's procedural due process claim is set forth in detail in her Second Request for Enlargement (Dkt. 33-1).

Third, the balance of equities tips in Ms. Cardoza's favor. She and her family have demonstrated a compelling need for her to return home to care for her family during the pendency of this action. No harm whatsoever to BOP will result from permitting Ms. Cardoza to return home. Indeed, releasing Ms. Cardoza home will spare the BOP the expense of housing Ms. Cardoza in prison.

Finally, an injunction is in the public interest. Ms. Cardoza presents no danger to the community. With its initial decision to place Ms. Cardoza on home confinement, the BOP concluded that she did not present a risk to public safety. The allegation of misconduct asserted against her—a single positive test for marijuana—does not render her dangerous to the community.[1] Indeed, her continued confinement is harming the wellbeing of her family. Ms. Cardoza's support of her family now will help lessen their worsening mental and physical health and the burden that deterioration will ultimately place on society.

Ms. Cardoza's release from prison pending resolution of this action is warranted. *Cf. Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (granting TRO and ordering release of petitioners from immigration detention pending resolution of due process claim).

---

[1] It is noteworthy that in similar litigation challenging revocation of home confinement without due process the BOP has agreed to keep an individual on home confinement notwithstanding an alleged violation of home confinement for a positive marijuana test. *See* Gov't Memo at 1 n.1, *Lallave v. Martinez*, 22-CV-791 (NGG) (E.D.N.Y. March 9, 2022) (Dkt. 14).

                                                    Respectfully submitted,

                                                    EVA CARDOZA

Dated:  August 16, 2022        By:    */s/  Sarah F. Russell*
                                                      Sarah F. Russell, ct26604
                                                      Legal Clinic, Quinnipiac University School of Law
                                                      275 Mt. Carmel Avenue
                                                      Hamden, CT 06518
                                                      Telephone: (203) 582-5258
                                                      Email: sarah.russell@quinnipiac.edu