UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVA CARDOZA, | : | Case No. 22-cv-591(SVN) |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| TIMETHEA PULLEN et al., | : | |
|    Respondents. | : | August 19, 2022 |

RESPONSE TO ORDER TO SHOW CAUSE AS TO ENLARGEMENT

Pursuant to the court's August 17, 2022 order (docket entry no. 36), the respondents respectfully submit the following reply to the court's to show cause as to why the petitioner's request for immediate enlargement should not be granted. For the reasons set forth in greater detail below, the petitioner can meet neither required element for enlargement pending resolution of her habeas petition, and her request for enlargement should be denied.

The petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 on April 25, 2022. On May 17, 2022, in compliance with the court's order to show cause, the respondents moved to dismiss the petition. On August 9, 2022, the court granted the respondents' motion, with leave for the petitioner to replead. On August 17, 2022, the petitioner filed an amended habeas petition, along with a motion for immediate enlargement as a provisional remedy. On the same day, the court ordered the respondents to reply to the petitioner's request for enlargement by August 19, 2022.

The petitioner seeks enlargement as a provisional remedy consistent with the Second Circuit's analysis in Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). (Am. Pet.,

¶¶91-96.) In that case the court held "that the federal courts have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in criminal habeas cases." Id. at 223.

> But the power of a federal court to grant bail to a habeas petitioner "is a limited one, to be exercised in special cases only." Mapp, 241 F.3d at 226. The Second Circuit in Mapp explained that the "standard for bail pending habeas litigation is a difficult one to meet," and stated that a petitioner seeking bail "must demonstrate [1] that the habeas petition raises substantial claims and [2] that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." Id.

Diaz v. Bell, No. 21CV5452(LGS)(JLC), 2021 WL 4202567, at *1 (S.D.N.Y. Sept. 16, 2021) (alterations in original). The petitioner cannot satisfy either standard.

**The Petitioner Does Not State a Plausible Claim for Relief**

First, the amended petition does not raise substantial claims because just as the original petition before it, the amended petition fails to state a plausible claim for the relief requested. The court is well aware of the relevant legal issues, so that background will not be repeated here. The amended petition primarily attempts to cure the original petition's deficiencies by making conclusory allegations concerning BOP's alleged "implicit promise that individuals [on home confinement] will not be returned to prison absent a major infraction"; see Am. Pet., ¶21; and by otherwise reiterating arguments that the petitioner made in support of the original petition (though this time with supporting documentation incorporated into the petition).

But the petitioner's conclusory allegations reciting the applicable legal standard carry no weight; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

2

suffice."); and none of the previously cited but newly attached materials do anything to cure the original petition's failure to plausibly allege that "at the time [the petitioner] was transferred to home confinement or thereafter that her home confinement could be 'withdrawn only for good cause.'" Cardoza v. Pullen, No. 3:22-CV-00591 (SVN), 2022 WL 3212408, at *12 (D. Conn. Aug. 9, 2022) (quoting Pugliese v. Nelson, 617 F.2d 916, 922 (2d Cir. 1980)).[1]

That failure is even more glaring in this case, where whatever evidence the petitioner offers of an implicit promise that BOP could only remand to custody under certain limited conditions is drastically outweighed by statutory and regulatory authorities that explicitly provide that BOP maintains absolute discretion on inmate placement without that qualifier. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); § 3621(b)(5) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); § 3624(c)(4) (governing prerelease custody like home confinement, "Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 28 C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a

---

[1] The petitioner's claim that certain unnamed staff at Danbury "said we would only be brought back to prison if we violated the rules" does not compel a different result. (See Am. Pet. ¶27.) Whatever the belief of those unnamed staff – none of whom seem to have been in a position to speak with any authority as to BOP policy or make any decision as to when inmates would be remanded – the petitioner's claims as to what would likely happen says nothing about what BOP was authorized to do with respect to redesignations to custody.

3

manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis . . . .").

The respondents will be filing a renewed motion to dismiss the amended petition in accordance with the court's order to show cause, but for purposes of the petitioner's request for provisional relief, the petition fails to raise substantial claims for the reasons set forth above.

**The Petitioner Fails to Show How Enlargement is Necessary to *Make the Habeas Remedy Effective***

Second, while the petitioner explains in detail the alleged harm that she and her family are suffering as a result of her being redesignated to FCI Danbury, she cannot establish the types of extraordinary circumstances requiring enlargement "to make the habeas remedy effective." Mapp, 241 F.3d at 230. Although the petition ignores that language in Mapp; see Am. Pet., ¶93; her memorandum does acknowledge the requirement. (See Mem., 3.) The court should reject the petitioner's efforts at relegating the requirement of proving that enlargement is necessary to make the habeas remedy effective to an optional consideration. Indeed, Mapp itself explicitly recognizes the mandatory nature of the effective-remedy requirement:

> Assuming . . . that the district court was correct with respect to the existence of a substantial claim for relief, and arguendo, that the circumstances of Mapp's habeas petition were, in some respect, "extraordinary," the grant of bail in this case must nevertheless be vacated. This is because the district court neglected to articulate why its grant of bail was "necessary to make the habeas remedy effective" in this case.

Mapp, 241 F.3d at 230.

The petitioner cannot explain how her release from BOP custody as a provisional remedy is necessary to make the habeas remedy effective in the context of her petition. Other courts in this district addressing requests for enlargement in the context of identical underlying habeas claims have denied that relief as failing to satisfy Mapp's requirement that enlargement is necessary to make the habeas remedy effective. See Nicks v. Pullen, 3:22-cv-925(RNC), docket no. 6 (denying request for enlargement where petitioner has not "shown that enlargement is necessary to ensure the effectiveness of the habeas remedy in her case"); Tompkins v. Pullen, 3:22-cv-339(OAW), docket no. 13, at 3-4 (denying request for enlargement where petitioner "has not shown that her immediate release is necessary to make the habeas remedy effective"). The petition does not present circumstances like in cases where continued incarceration pending litigation over COVID-19-related habeas petitions risked further spread of COVID-19, and "were that to happen, the habeas remedy would be rendered ineffective," or where "a sentence was so short that it was likely to end before a habeas petition was resolved, thereby, again, rendering the habeas remedy ineffective." Tompkins, docket no. 13, at 3.

In sum, Mapp makes clear that the limited power of enlargement is appropriate only where extraordinary or special circumstances exist such that the habeas remedy would be rendered ineffective absent provisional release. But in this case, the circumstances cited by the petitioner, while of course significant to her family, are not sufficiently connected to the habeas remedy itself in the way that Mapp requires, and they therefore do not satisfy the extraordinary circumstances factor.

5

For the foregoing reasons, the respondents respectfully urge the court to deny the petitioner's request for enlargement.

                                    Respectfully submitted,

                                    Vanessa Roberts Avery
                                    United States Attorney

                                    /s/
                                    John W. Larson (ct28797)
                                    Assistant United States Attorney
                                    District of Connecticut
                                    450 Main Street, Room 328
                                    Hartford, CT 06103
                                    T:  (860) 947-1101
                                    F:  (860) 760-7979
                                    john.larson@usdoj.gov